UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVIN RYAN HANKS,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-22-P |
| VERSUS | JUDGE DEE D. DRELL |
| RAMEN SINGH, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Davin Hanks (#399204) ("Hanks"). Hanks was granted leave to proceed *in forma pauperis*. (Doc. 8). Hanks is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Hanks complains that he was denied adequate dental care.

I. Background

Hanks alleges that, upon his arrival at RLCC, it was determined that he needed dental treatment. (Doc. 1, p. 8). Two months later, Hanks initiated a sick call due to tooth pain. Nurse Sibley advised Hanks that it could be a while before he would see a dentist, so he should continue to take prescribed pain medication. (Doc. 1, p. 8). Later that month, Dr. Smith examined Hanks and prescribed additional pain medication. (Doc. 1, p. 8). Five months later, the prescription for pain medication was renewed. (Doc. 1, p. 9). Hanks alleges that, by February 2016, he had developed an abscess.

On March 3, 2016, Hanks underwent the extraction of three teeth. (Doc. 1, p. 9). Hanks alleges the extractions were caused by the delay in dental care. (Do. 1, p. 9).

## II. Instructions to Amend

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a § 1983 claim is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a § 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person

to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

According to the complaint, Hanks was aware of his need for dental care when he arrive at RLCC in May 2015, and knew that three teeth needed extraction in March 2016. Hanks did not file suit until January 2018. Thus, it appears that Hanks's claim is prescribed. However, equitable tolling may apply to § 1983 claims for the time spent properly exhausting administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). Hanks should amend his complaint to state whether he properly filed and exhausted all administrative remedies. If Hanks properly pursued administrative remedies, he should submit copies of the grievances and responses from each level to show that he is entitled to tolling of the prescriptive period.

III. Conclusion

**IT IS ORDERED** that Hanks amend his complaint within 30 days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 6th day of March, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge