a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVIN HANKS (#399204), Plaintiff | CIVIL ACTION NO. 1:18-CV-22-P |
| VERSUS | JUDGE DEE D. DRELL |
| RAMEN SINGH, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Davin Hanks ("Hanks") (#399204). Hanks has been granted leave to proceed *in forma pauperis*.[1] (Doc. 8). Hanks is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Hanks complains that he has been deprived of adequate dental care, and he names as Defendants Ramen Singh, Dr. George Smith, and Sandra Sibley.

Because Hanks cannot establish that Defendants acted with deliberate indifference, his complaint should be dismissed.

---

[1] Hanks has accumulated two strikes under 28 U.S.C. § 1915(g). He has been warned by the United States Fifth Circuit Court of Appeals that, "if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g)." (No. 17-30577, 5th Cir. 3/21/18); Hanks v. McVea, No. 1:17-cv-438 (W.D. La.); Hanks v. Haney, No. 6:12-cv-2126 (W.D. La.).

I. Background

Upon his arrival at RLCC, Hanks received a dental evaluation revealing "decayed teeth, missing teeth, and poor oral hygiene." (Doc. 12-1, p. 1). Hanks was provided pain medication. (Doc. 1, p. 8). Two months later, Hanks initiated a sick call due to tooth pain. (Doc. 1, p. 8; Doc. 12-1, p. 1). It is alleged that Nurse Sibley advised Hanks it could be a while before he would see a dentist, as there was no dentist at RLCC at that time. Hanks was given a six-month prescription of Motrin 600 mg for pain. (Doc. 1, p. 8; Doc. 12-1, p. 1).

Hanks next complained of dental pain on February 11, 2016. (Doc. 12-1, p. 1). He was referred to the new RLCC dentist, and examined on February 22, 2016. Hanks had several follow-up appointments involving extractions and fillings. (Doc. 1, p. 9; Doc. 12-1, p. 1). Hanks alleges the extractions were necessitated by the seven-month delay in seeing a dentist. (Doc. 1, p. 9).

II. Law and Analysis

A. Hanks's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Hanks is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Hanks's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Hanks's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if

it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Hanks cannot state an Eighth Amendment claim.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

A delay in medical care violates the Eighth Amendment only if the delay is based on deliberate indifference, and it results in substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

When Hanks arrived at RLCC, he was diagnosed with tooth decay and poor oral hygiene. (Doc. 12-1, p. 1). Hanks began to complain of dental pain in July 2015. Although RLCC did not have a dentist at the time, Hanks was examined by a physician and prescribed pain medication. (Doc. 1, p. 8; Doc. 12-1, p. 1). Hanks did not complain of dental pain again until February, 2016, at which time he saw the new dentist at RLCC. (Doc. 12-1, p. 2). Hanks's complaints were not ignored.

Hanks concludes that his teeth required extraction due to the seven-month delay in seeing the dentist. However, the dentist reviewed Hanks's medical records, and determined that Hanks's teeth had been non-restorable upon his arrival at RLCC. (Doc. 12-1, pp. 1-2). Hanks disagrees with the dentist's opinion that his teeth were not restorable in 2015. However, a disagreement between an inmate and a physician concerning medical opinions or the appropriateness of certain medical care does not give rise to a § 1983 claim. See Gibbs v. Grimmette, 254 F.3d 545 (5th Cir. 2010); Norton v. Dimaza, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Hanks has provided no allegations indicating that his claims were ignored, that Defendants refused to treat him, or that Defendants deliberately mistreated him. He was treated by a physician until a new dentist was hired. There are no allegations to support a claim of deliberate indifference. Moreover, Hanks cannot establish that the seven-month delay in seeing a dentist caused a serious injury, as the dentist's findings were consistent with the diagnosis from 2015.

### III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Hanks's complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 8th day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge